UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT S. HOGARTY,**

    **Plaintiff,**

v.                                    Case No: 5:25-cv-122-KMM-PRL

**ORGILL, INC., MONSANTO COMPANY, BAYER CORPORATION, and DALE R. VANCE,**

    **Defendants.**

## Order

This case is before the Court for consideration of *pro se* Plaintiff's "Motion to Allow Service Pursuant to Federal Rules of Civil Procedure 4(f)(2)(c)(ii) and (4(f)(3) and Motion to Submit a Supporting Affidavit Under Seal." (Doc. 21). For the reasons explained below, the undersigned finds that both requests are due to be denied without prejudice.

    **I.**     **Background**

Acting *pro se,* Plaintiff initiated this case against Defendants by filing a complaint and paying the $400 filing fee in Circuit Court for Marion County, Florida. (Doc. 1, 1-9). Plaintiff's complaint alleges claims of product liability and related claims arising from his use of a pump sprayer containing the weed control product Roundup. The action was removed to this Court by Defendant Orgill, Inc. (Doc. 1). There are currently motions to dismiss pending filed on behalf of Orgill, Inc., and Monsanto Company, respectively.

To summarize the relief requested by Plaintiff, he seeks approval by the Court to effect service of the summons in this case upon individual defendant Dale Vance, whom Plaintiff believes is a citizen and resident of Canada, via a variety of alternative means, rather than by personal service. Plaintiff also seeks approval to file an affidavit in support of his motion under seal. The Court will discuss each request in turn.

### II.        Plaintiff's request to file affidavit under seal

To begin, Plaintiff's request to file the supporting affidavit in support of his motion for service under seal is due to be denied. The filing of documents under seal is disfavored by the Court, because as the Eleventh Circuit has explained, "'[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1246.

Local Rule 1.11 governs motions to seal in a civil action:

> Rule 1.11 - Sealing in a Civil Action
>
> (a) PRESUMPTION OF PUBLIC ACCESS. Sealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.
>
> (b) MOTION TO SEAL. A motion to seal an item:
>
> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

      (2) must describe the item;

      (3) must establish

           (A) that filing the item is necessary,

           (B) that sealing the item is necessary, and

           (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

      (4) must include a legal memorandum;

      (5) must propose a duration for the seal;

      (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

      (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

      (8) must include the item, which is sealed pending an order resolving the motion.

Here, Plaintiff's motion falls short of establishing both good cause and the requirements of Local Rule 1.11. Plaintiff fails to establish that filing the proposed item is necessary, that sealing the item is necessary, and that using a redaction or means other than sealing is unavailable or unsatisfactory. Plaintiff's proffered justification for the seal is because he does not wish to give information to the other Defendants in this case because he believes they have ample resources to defend themselves and he believes they may encourage Defendant Dale Vance to avoid service. As Plaintiff acknowledges, the other defendants in this case are represented by counsel who have appeared on their behalf. Despite Plaintiff's beliefs, his assumption of bad faith on behalf of counsel is inappropriate and unwarranted. More importantly, as explained below, Plaintiff's request for the Court to approve various

alternative means of service is due to be denied <u>regardless</u> of the contents of the proposed affidavit.

### III. Plaintiff's motion to allow service by mail, FedEx, and email

Plaintiff's request for the Court to approve other means of service, other than personal service, is also due to be denied without prejudice at this time. Federal Rule of Civil Procedure 4(f) governs serving an individual in a foreign country and provides for service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> >
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or . . .

Meanwhile, Rule 4(f)(3) authorizes "other means not prohibited by international agreement, as the court orders."

The United States and Canada are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra–Judicial Documents in Civil and Commercial Matters ("Hague Convention"). *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). The purpose of the Hague Convention is to ensure that

individuals receive timely notice of judicial documents, and to provide a simple and expeditious method for providing notice of a proceeding to a foreign citizen or corporation. *See* Hague Convention, Preamble *following* Fed.R.Civ.P. 4; *see also Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F.Supp.2d 1273, 1279–80 (S.D.Fla.1999).

Here, given Plaintiff's convoluted references and analysis of Rule 4(f), his motion is best construed as a motion for alternative service under Rule 4(f)(3), or for service via "other means." Plaintiff suggests a variety of alternative means of service. First, he seeks to serve Defendant Vance "at one physical address that has been reported with two different Canadian postal codes, via FedEx at plaintiff's expense." (Doc. 21 at 5). He also seeks to serve Vance at what he believes is a valid legal address (apparently the same address mentioned above with two different postal codes) via registered PostCanada mail to each of the two postal code addresses for Vance. Next, he seeks to serve Vance via regular PostCanada mail to the same addresses. Finally, he seeks to serve Vance via an email address that he has used to communicate previously with Vance.

In support of his request, Plaintiff contends that he initially sought personal service of Vance when he believed that Vance was a seasonal resident of Marion County, Florida. Plaintiff recites that he has not been able to locate Vance in Marion County, Florida, and believes that Vance is currently at his residence in Canada and will not be in Marion County any time soon. (Doc. 21 at 2). Plaintiff appears to concede that he has not made any attempt to effect personal service of Vance in Canada, despite having at least some knowledge of Vance's whereabouts, address, and contact information.

The decision to accept or deny service by "other means not prohibited by international agreement, as the court orders," pursuant to Rule 4(f)(3) falls soundly within the discretion of

the district court. *See Int'l Watchman, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A",* No. 22-24034-CIV, 2022 WL 18957626, at *1 (S.D. Fla. Dec. 14, 2022). Courts examine three factors in determining whether to exercise their discretion and permit alternative service of process: (1) the court must be satisfied "that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"; (2) "the Court must determine if the proposed method of service minimizes offense to foreign law"; and (3) "the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f)." *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (internal quotations omitted).

Under the circumstances presented here, the undersigned finds Plaintiff's request is premature and that the methods Plaintiff proposes are not reasonably calculated to provide timely notice to Defendant Vance. Rather, Plaintiff appears to be pursuing a variety of alternative means to avoid the inconvenience or expense of personal service, or perhaps because he is uncertain about Vance's whereabouts or his correct address. Plaintiff fails to assert that he has attempted to effect personal service, despite the availability of countless professional process serving companies in Canada. Plaintiff also does not contend that Vance is evading service. The undersigned is not satisfied that Plaintiff's proposed methods are reasonably calculated under the circumstances to apprise Vance of the pendency of this action and to afford him an opportunity to present his objections. In making this determination, the undersigned has also considered the unique posture of this case, including that Plaintiff is proceeding *pro se*, that Vance is an individual defendant, that the action was recently removed from state court, and that multiple motions to dismiss are currently pending.

Further, the undersigned is mindful that granting Plaintiff's request is likely to result in confusion and judicial inefficiency. If the undersigned were to grant Plaintiff's request, Plaintiff may later move for entry of default by the Clerk and then a motion for default judgment against Defendant Vance. The Court would then be required to scrutinize what is likely to be dubious proof of service of process upon Defendant Vance.

Consequently, Plaintiff's Motion to Allow Service via other means (Doc. 21) is due to be denied without prejudice.

Accordingly, it is ORDERED that:

(1) Plaintiff's motion to submit a supporting affidavit under seal (Doc. 21) is DENIED. Plaintiff is advised that, pursuant to Clerk's Office procedure, his motion (Doc. 21) and proposed affidavit will appear on the public docket following the entry of this Order. In an abundance of caution, however, the Court will provide Plaintiff with an opportunity to withdraw the affidavit (Doc. 21-1), provided he files an appropriate motion within fifteen days of the entry date of this Order. The motion itself (Doc. 21) and this Order will appear on the public docket.

(2) Plaintiff's Motion to Allow Service Pursuant to Federal Rules of Civil Procedure 4(f)(2)(c)(ii) and (4(f)(3), construed as a motion to allow service via "other means," (Doc. 21) is DENIED without prejudice.

**DONE** and **ORDERED** in Ocala, Florida on April 7, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties