**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ROBERT HOGARTY,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00122-KKM-PRL**

**ORGILL, INC., MONSANTO COMPANY, BAYER CROPSCIENCE LP,**

**Defendants,**
______________________________________/

# ORDER

Previously, this case was referred to me upon the parties' requests for a case management conference regarding amending the case management and scheduling order, and for me to propose dates for an amended case management and scheduling order. (Doc. 113). Accordingly, pursuant to prior notice, I conducted a case management conference on July 23, 2026, via Zoom. Pro se Plaintiff appeared, as well as counsel for Orgill, Inc., Monsanto Company, and Bayer Cropscience LP. (Doc. 118).

During the case management conference, the court heard arguments on behalf of all parties regarding amending the case management deadlines. The undersigned has also carefully considered the docket and record in this case, the prior rulings of the district judge, and the current procedural posture, including the recent filing of a fourth amended complaint (Doc. 108) and the pendency of a motion to dismiss (Doc. 110) regarding that complaint. While the undersigned reserves the issue of a stay of discovery for the district judge, the interests of justice and judicial economy weigh in favor of extending the current

case management deadlines to appropriately accommodate the unique circumstances presented in this litigation.

Without rehashing the full discussion at the hearing, while it is true that a motion to dismiss does not act as a stay of discovery, here, given the breadth of claims and different nature of discovery needed for each type of claim – including the need for different costly experts depending on which claims survived – it was reasonable for the defendants to make efforts to push back extensive discovery during the pendency of its motions. They didn't do so in a vacuum; they sought and ultimately received a reprieve. Even now, we are on the fourth amended complaint and the defendants seek the dismissal of several claims. At this point, regardless of the outcome of the most recent motion to dismiss, the defendants concede that some claims will advance. They may still have to make important decisions on how they proceed in discovery given the pendency of the new motion, but this timeframe should allow all parties to proceed.

Accordingly, and upon due consideration, I submit that the case management deadlines in this case be amended as follows:

- Mediation Notice Deadline: **September 1, 2026**
- Plaintiff Expert Disclosure: **November 16, 2026**
- Defendant Expert Disclosure: **December 16, 2026**
- Rebuttal Expert Disclosure: **January 6, 2027**
- Discovery Cut-Off & Discovery-Related Motions Deadline: **February 6, 2027**
- Mediation Deadline: **March 6, 2027**
- Dispositive and Daubert Motions: **April 16, 2027**
- Motions In Limine: **October 15, 2027**

- Joint Pretrial Statement: **November 5, 2027**

I further submit that the trial-related dates, including the pretrial conference, deadline for filing trial briefs, and the trial be scheduled at the discretion of the district judge.

**DONE** and **ENTERED** in Ocala, Florida on July 23, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties